UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MICHAEL SOARES SOCORRO,

    Petitioner,

v.                                                               Case No. 2:11-CV-88

GREG MCQUIGGIN,                          HON. GORDON J. QUIST

    Respondent.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

Petitioner, Michael Soares Socorro, has filed an Objection to the Report and Recommendation (R & R) issued January 16, 2014, in which Magistrate Judge Greeley recommended that Petitioner's habeas petition be denied. Petitioner pled guilty to armed robbery and was sentenced to a term of imprisonment of 136 to 360 months. Petitioner claims in his petition that his plea was involuntary.

In recommending that the Court deny Petitioner's habeas petition, the magistrate judge reviewed the state-court plea transcript and concluded that Petitioner knowingly and voluntarily entered his plea. In particular, the magistrate judge noted that Petitioner indicated that no promises were made and that he understood the rights he was forfeiting by pleading guilty, and that Petitioner gave a sufficient factual basis for his plea. (R & R at 4, 7.) The magistrate judge also concluded that the Michigan courts' decisions to accept Petitioner's plea were reasonable decisions. (*Id.* at 7.)

Pursuant to 28 U.S.C. § 636(b)(1), upon receiving objections to a report and recommendation, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." After

conducting a *de novo* review of the R & R, Petitioner's Objection, and the pertinent portions of the record, the Court concludes that the R & R should be adopted and the petition denied.

In his Objection, Petitioner again claims that his plea was not knowing and voluntary and that his counsel promised him that he could plead no contest to bank robbery. Contrary to Petitioner's assertions, however, the plea transcript refutes Petitioner's claim that his plea was involuntary. In short, Petitioner's plea was "knowing, intelligent, voluntary, and done with sufficient awareness of the relevant circumstances and likely consequences." *Spikes v. Mackie*, 541 F. App'x 637, 645 (6th Cir. 2013) (citing *Bradshaw v. Stumpf*, 545 U.S. 175, 183, 125 S. Ct. 2398, 2405 (2005)). The law requires no more.[1] Moreover, the magistrate judge did not err in concluding that the state courts' decisions to accept Petitioner's plea and deny his appeals were reasonable. 28 U.S.C. § 2254(d)(1), (2).

Under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000). *Murphy*, 263 F.3d at 467. Therefore, the Court has considered Petitioner's claim, including his Objection, under the *Slack* standard.

---

[1] Petitioner's real claim appears to be that he could not be convicted of armed robbery without actually possessing a weapon. The statute, which encompasses any person "who represents orally or otherwise that he or she is in possession of a dangerous weapon," M.C.L. § 750.529, does not require a weapon for a violation. Moreover, any such claim presents an issue of state law that is not cognizable on habeas review." *Estelle v. McGuire*, 502 U.S. 62, 67–68, 112 S. Ct. 475, 480 (1991).

Under *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." For the reasons stated above, the Court finds that reasonable jurists could not find that this Court's denial of Petitioner's claim was debatable or wrong. Thus, the Court will deny Petitioner a certificate of appealability. Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued January 16, 2014 (dkt. # 34) is **APPROVED AND ADOPTED** as the Opinion of this Court, and Petitioner's Objection (dkt. # 35) is **OVERRULED**.

**IT IS FURTHER ORDERED** that Petitioner's habeas corpus petition is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's Motion to Amend (dkt. #36) is **DENIED**.

**IT IS FURTHER ORDERED** that a **certificate of appealability** is **DENIED** by this Court.

A separate judgment will issue.

Dated: March 19, 2014                                /s/ Gordon J. Quist
                                                                        GORDON J. QUIST
                                                                    UNITED STATES DISTRICT JUDGE